# EXHIBIT A

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF THE TRIAL COURT**

HAMPDEN, ss.                SUPERIOR COURT
                         CIVIL ACTION NO.: 15 CV 0631

DEBORAH TRUDELL,
   Plaintiff

v.                              **COMPLAINT AND DEMAND FOR**
                                  **JURY TRIAL**
HAMPDEN WILBRAHAM
REGIONAL SCHOOL DISTRICT,
   Defendant

## PARTIES

1. The Plaintiff, DEBORAH TRUDELL, is a natural person who, at all times material and relevant to the issues herein, has resided at 241 Leonard Street, Agawam, County of Hampden, in said Commonwealth.

2. The Defendant, HAMPDEN WILBRAHAM REGIONAL SCHOOL DISTRICT, is a public entity with its administrative offices located at 621 Main Street, Wilbraham, County of Hampden, in said Commonwealth.

## FACTUAL ALLEGATIONS

3. Plaintiff has worked for the Hampden Wilbraham Regional School District since approximately August, 1995.

4. The Plaintiff's initial position of Information Technology Specialist with the Defendant was modified to a newly-created hybrid position as an Information Technology Specialist/Assistive Technology Specialist to which the Plaintiff was assigned.

5. Plaintiff held that position and performed satisfactorily until she applied for and was granted leave pursuant to the Family Medical Leave Act, which Leave terminated in or about November, 2013.

6. Plaintiff applied for FMLA leave due to a worsening of symptoms of a long-term illness she was diagnosed with years prior known as Myasthenia Gravis. The disease is a chronic autoimmune neuromuscular disease characterized by varying degrees of weakness in the skeletal muscles of the body.

7. The Plaintiff was approved for Short-Term Disability Leave in or about October, 2013.

8. The Plaintiff applied for Long-Term Disability Leave in March, 2014.

9. Plaintiff was informed by the Defendant that her position was being eliminated and that she, therefore, would not have a job to which she could return from her Long-Term Disability Leave.

10. Defendant has, however, hired an Assistive Technology Specialist. The person hired by the District is a male who is less qualified than the Plaintiff to fulfill the job requirements and who, upon information and belief, has not reached the age of 40.

11. Plaintiff is over the age of 40, having been born on October 9, 1954.

12. Upon information and belief, the person hired by the Defendant does not have a disability.

## COUNT I
## MASSACHUSETTS DISCRIMINATION - Disability
## (Mass. G.L. ch. 151B)

13. The Plaintiff hereby repeats and realleges each of the allegations set forth in Paragraphs 1 through 12 above as if repeated and restated herein.

14. Plaintiff satisfied all conditions precedent under Mass. G.L. ch. 151B and otherwise prior to filing the present Complaint.

15. Plaintiff is an individual with a handicap, a record of a handicap, and/or was regarded by Defendant as having a handicap.

16. Plaintiff is qualified to perform the essential functions of her job with Defendant.

17. Plaintiff is willing and able to perform the essential functions of her job with or without a reasonable accommodation from Defendant.

18. Defendant discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her handicap, her record of a handicap, or because Defendant regarded her as having a handicap.

19. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

20. Plaintiff is entitled to recover damages.

## COUNT II
## MASSACHUSETTS DISCRIMINATION - Failure to Accommodate
## (Mass. G.L.ch.151B)

21. The Plaintiff hereby repeats and realleges each of the allegations set forth in Paragraphs 1 through 20 above as if repeated and restated herein.

22. Plaintiff satisfied all conditions precedent under Mass. G.L. ch. 151B and otherwise prior to filing the present Complaint.

23. Plaintiff is an individual with a handicap, a record of a handicap, and/or was regarded by Defendant as having a handicap.

24. Plaintiff is qualified to perform the essential functions of her job with Defendant.

25. Plaintiff is willing and able to perform the essential functions of her job with or without a reasonable accommodation from Defendant.

26. Plaintiff requested a reasonable accommodation.

27. Defendant refused or failed to engage in the interactive process with Plaintiff or in any meaningful dialogue regarding a reasonable accommodation.

28. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

29. Plaintiff is entitled to recover damages.

## COUNT III
## MASSACHUSETTS DISCRIMINATION - Gender
## (Mass. G.L. ch. 151B § 4 (1))

30. The Plaintiff hereby repeats and realleges each of the allegations set forth in Paragraphs 1 through 29 above as if repeated and restated herein.

31. Plaintiff satisfied all conditions precedent under Mass. G.L. ch. 151B and otherwise prior to filing the present Complaint.

32. Plaintiff is a female and was treated differently because of her gender.

33. Although the Defendant informed Plaintiff that her position was eliminated, the position she held, and performed at successfully, in fact has been filled by a male who is less qualified than she.

34. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

35. Plaintiff is entitled to recover damages.

## COUNT IV
## MASSACHUSETTS DISCRIMINATION - Age
## (Mass. G.L. ch. 151B §§1(8), 4(1B)
## Mass. G.L. ch. 93 §103)

36. The Plaintiff hereby repeats and realleges each of the allegations set forth in Paragraphs 1 through 35 above as if repeated and restated herein.

37. Plaintiff satisfied all conditions precedent under Mass. G.L. ch. 151B and otherwise prior to filing the present Complaint.

38. Plaintiff is over the age of 40 and was treated differently because of her age.

39. Although the Defendant informed Plaintiff that her position was eliminated, the position she held, and performed at successfully, in fact has been filled by a person under the age of 40 who is less qualified than she.

40. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

41. Plaintiff is entitled to recover damages.

## COUNT V
## MASSACHUSETTS DISCRIMINATION - Retaliation
## (Mass. G.L. ch. 151H)

42. The Plaintiff hereby repeats and realleges each of the allegations set forth in Paragraphs 1 through 42 above as if repeated and restated herein.

43. Plaintiff satisfied all conditions precedent under Mass. G.L. ch. 151B and otherwise prior to filing the present Complaint.

44. After Plaintiff engaged in protected activity, Defendant took adverse actions against Plaintiff.

45. There is a causal link between Plaintiff's protected activity and the adverse actions taken against Plaintiff by Defendant.

46. As a proximate and foreseeable consequence of Defendant's retaliatory conduct, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

47. Plaintiff is entitled to recover damages.

## COUNT VI
## THE AMERICANS WITH DISABILITIES ACT
## (42 U.S.C. 12101, et seq.)

48. The Plaintiff hereby repeats and realleges each of the allegations set forth in Paragraphs 1 through 47 above as if repeated and restated herein.

49. Plaintiff satisfied all conditions precedent prior to filing the present Complaint.

50. Plaintiff is an individual with a disability, a record of a disability, and/or was regarded by Defendant as having a disability.

51. Plaintiff is qualified to perform the essential functions of her job with Defendant.

52. Plaintiff is willing and able to perform the essential functions of her job with or without a reasonable accommodation from Defendant.

53. Defendant discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her handicap, her record of a handicap, or because Defendant regarded her as having a handicap.

54. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits; mental and emotional distress and other damages and losses.

55. Plaintiff is entitled to recover damages.

## COUNT VII
## THE AMERICANS WITH DISABILITIES ACT - Failure to Accommodate
## (42 U.S.C. 12101, et seq.)

56. The Plaintiff hereby repeats and realleges each of the allegations set forth in Paragraphs 1 through 55 above as if repeated and restated herein.

57. Plaintiff satisfied all conditions precedent prior to filing the present Complaint.

58. Plaintiff is an individual with a disability, a record of a disability, and/or was regarded by Defendant as having a disability.

59. Plaintiff is qualified to perform the essential functions of her job with Defendant.

60. Plaintiff is willing and able to perform the essential functions of her job with or without a reasonable accommodation from Defendant.

61. Plaintiff requested a reasonable accommodation.

62. Defendant refused or failed to engage in the interactive process with Plaintiff or in any meaningful dialog regarding a reasonable accommodation.

63. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

64. Plaintiff is entitled to damages.

## COUNT VIII
## DISCRIMINATION - Gender
## (42 U.S.C. § 2000e
## Title VII of the Civil Rights Act)

65. The Plaintiff hereby repeats and realleges each of the allegations set forth in Paragraphs 1 through 64 above as if repeated and restated herein.

66. Plaintiff satisfied all conditions precedent prior to filing the present Complaint.

67. Plaintiff is a female and was treated differently because of her gender.

68. Although the Defendant informed Plaintiff that her position was eliminated, the position she held, and performed at successfully, in fact has been filled by a male who is less qualified than she.

69. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

70. Plaintiff is entitled to recover damages.

## COUNT IX
## DISCRIMINATION - Age
## (Age Discrimination in Employment Act (ADEA),
## 29 U.S.C. § 621 et seq.)

71. The Plaintiff hereby repeats and realleges each of the allegations set forth in Paragraphs 1 through 70 above as if repeated and restated herein.

72. Plaintiff satisfied all conditions precedent prior to filing the present Complaint.

73. Plaintiff is over the age of 40 and was treated differently because of her age.

74. Although the employer informed Plaintiff that her position was eliminated, the position she held, and performed at successfully, in fact has been filled by a person under the age of 40 who is less qualified than she.

75. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

76. Plaintiff is entitled to recover damages.

## COUNT X
## THE AMERICANS WITH DISABILITIES ACT - Retaliation
## (42 U.S.C. 12101, et seq.)

77. The Plaintiff hereby repeats and realleges each of the allegations set forth in Paragraphs 1 through 76 above as if repeated and restated herein.

78. Plaintiff satisfied all conditions precedent prior to filing the present Complaint.

79. After Plaintiff engaged in protected activity, Defendant took adverse actions against Plaintiff.

80. There is a causal link between Plaintiff's protected activity and the adverse actions taken against Plaintiff by Defendant.

81. As a proximate and foreseeable consequence of Defendant's retaliatory conduct, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

82. Plaintiff is entitled to recover damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, on each count of the Plaintiff's Complaint, and that she be awarded the following economic damages:

a. Actual damages;
b. Compensatory damages;
c. Back pay;
d. Front pay;
e. Emotional distress damages;
f. Punitive damages;
g. Liquidated damages;
h. Costs;
i. Reasonable attorney fees;
j. Interest; and
k. Such other relief and further relief as the Court deems just and proper.

**The Plaintiff hereby Demands a Jury Trial on all issues so Triable herein.**

DEBORAH TRUDELL,
Plaintiff
By Her Attorney

Dated: September 10, 2015

_____
Colleen A. Sullivan, Esq.
MARIEN & HODGE, P.C.
121 State Street, Suite 100
Springfield, MA 01103
Telephone: (413) 788-4555
Facsimile: (413-733-0785
BBO#: 657165
E-mail: csullivan@marienhodge.com

## VERIFICATION

DEBORAH TRUDELL, being duly sworn, deposes and says that she is the Plaintiff in the above referenced action, and as such is authorized to make this verification; that she has read the foregoing Complaint, and that the facts set forth therein are true to her own knowledge, except as to matters therein set forth upon information and belief, and as to such matters, she believes them to be true.

Dated: 9/10/15

_____
DEBORAH TRUDELL